**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **KATRINA S. JONES AYERS CARPENTER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:12-CV-39** |
| | ) | **(Phillips/Shirley)** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 13] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 12]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning November 1, 2008. The claim was denied by the administrative law judge (ALJ) on June 25, 2010. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo*

review of those portions of the report and recommendation to which plaintiff objects.  For the reasons that follow, the objections will be overruled.

Plaintiff argues that the ALJ failed to give controlling weight to Dr. Simpson's opinions regarding her mental and physical limitations.  However, a treating physician's opinion cannot be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case record.  *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).  On April 2, 2010, Dr. Stimpson completed a "Medical Assessment of Ability to Do Work-Related activities (Mental)" form.  Dr. Stimpson marked "good" in the following categories: following work rules; relating to co-workers; using judgment with the public; interacting with supervisors; understanding, remembering and carrying out simple job instructions; and relating predictably in social situations.  Dr. Stimpson marked "fair" in dealing with the public and understanding remembering, and carrying out detailed but not complex job instructions.  He marked "poor/none" in plaintiff's ability to deal with work stress; function independently, maintain attention and concentration; understand, remember and carry out complex job instructions; and maintain personal appearance.

The ALJ explained that he gave little weight to Dr. Stimpson's mental restrictions because they were not supported by the medical evidence in the record.  Plaintiff indicated in her written account of daily activities, that she completed all household chores and self-care tasks independently, watched television, spoke on the telephone to

-2-

friends and family, and attended church regularly. In addition, plaintiff performed well on the mental status examination administered by the consultative psychologist and had not experienced episodes of decompensation. The ALJ also noted that the record did not show a history of, or current, mental health treatment. A consultative examination revealed that plaintiff had marked limitations in her ability to understand, carry out, and make judgments on complex instructions, which is consistent with the ALJ's finding that plaintiff could not perform complex work. The court finds no error in the ALJ's evaluation of plaintiff's mental limitations.

Plaintiff next argues that the ALJ failed to consider an April 15, 2010 note from Dr. Stimpson indicating her need for a prescription for a wheelchair, cane, and shower chair. However, this note is inconsistent with Dr. Stimpson's "Medical Assessment of Ability to Do Work-Related Activities (Physical) form completed April 2, 2010. Dr. Stimpson marked that plaintiff was able to lift and carry ten pounds occasionally and five pounds frequently; plaintiff was able to stand and/or walk one hour a day; she was unable to climb, kneel or crawl, but she could occasionally stoop, balance and crouch. The April 15 note is also inconsistent with the report of the consultative medical examiner who found that plaintiff had full range of motion in all of her joints and her joints were "free of bony erosion, synovitis, effusion, erythema or warmth." Although she alleged that she needed a wheelchair and cane to ambulate, the examiner noted that plaintiff's "gait was normal, she was able to stand and walk on both her heels and toes and perform a full squat on either leg." Based on the record, the ALJ explained that he gave little weight to Dr. Stimpson's

-3-

opinions.  The court agrees that Dr. Stimpson's limitations are contradicted by the medical evidence and plaintiff's reports of her daily activities.

The ALJ is charged by the regulations with the responsibility for assessing and determining a claimant's residual functional capacity (RFC) at the hearing level.  20 C.F.R. § 416.946.  The ALJ's function is to determine what medical restrictions plaintiff is under, and how such restrictions affect plaintiff's RFC.  *Maziars v. Secretary of Health and Human Services,* 837 F.2d 240, 247 (6th Cir. 1987).  The ALJ is not bound by any physician's assessment and may reject unsupported opinions.  *See Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).  The weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record.  20 C.F.R. § 416.927(d)(3).  Here, the court finds that the ALJ properly considered the evidence in the record and gave reasons for his assessment of the evidence, and his finding that plaintiff is not disabled.

Plaintiff has the burden of proving her entitlement to benefits.  *Boyes v. Secretary of Health and Human Services*, 46 F.3d 510, 512 (6th Cir. 1994) (*citing Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).  Based on the record before the court, plaintiff has not met her burden.  Plaintiff contends that the ALJ erred in not fully developing the record because the ALJ failed to seek additional information from Dr. Stimpson regarding her impairments. The court disagrees.  The ALJ thoroughly reviewed the evidence presented in this case and adequately discussed in his findings his analysis of

-4-

plaintiff's claims, the medical exhibits and the testimony.  In the view of the court, the ALJ fulfilled his obligation to fully develop the record.  *See Rowden v. Chater,* No. 95-5630, slip op. at 3 (6th Cir. June 6, 1996).

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge